UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANONYMOUS, | ) | CASE NO. 4:09cv1306 |
| Plaintiff, | )<br>) | JUDGE JOHN R. ADAMS |
| vs. | )<br>) | |
| CITY OF HUBBARD, OHIO, et al., | )<br>) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | )<br>)<br>) | [Resolving Doc. 7] |

This matter comes before the Court on Defendants' Motion for a More Definite Statement ("Motion") (Doc. 7). Defendants argue that Plaintiff, who has filed this action anonymously for relief from several employment-related claims against Defendants, must not only reveal his identity, but must also provide a list of any parallel litigation to which he is a party and must produce the employment contract and collective bargaining agreement under which he was operating at the time the events at issue in this matter arose. The Complaint does not indicate the basis for Plaintiff's belief that he should conceal his identity.

The Federal Rules of Civil Procedure provide that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The notice pleading standard is generally forgiving and courts do not favor motions for a more definite statement, largely because parties may use the discovery period to flesh out the details of claims and defenses. *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007). However, Rule 10 of the Federal Rules clearly requires that parties be named in the complaint: "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The rule does not contemplate use of aliases or anonymous filing.

The Sixth Circuit has ruled that anonymous plaintiffs must first seek permission to proceed anonymously, and may only do so under certain circumstances:

> It is a general rule that a complaint must state the names of the parties. Fed.R.Civ.P. 10(a). Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004). When determining whether such an exception is justified, a court may consider, among others, the following factors:
>
>> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.
>
> *Id.* at 560 (internal quotes omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *See id.* at 561.
>
> Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym. *See id.* at 560 . . .  Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989).

*Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 636-37 (6th Cir. 2005).

In his Response in Opposition to Defendants' Motion ("Response") (Doc. 8), Plaintiff asserts that he is a law enforcement officer and that revealing his identity would expose him to a risk of harm, namely retaliation from those whom he has arrested during his career.  The Court does not find that this is a compelling reason.  The Federal Rules require the disclosure of a plaintiff's name.  Plaintiff has neither sought leave to avoid that requirement, nor has he provided anything more than a vague assertion in support of his belief that he would suffer harm

were he to reveal his identity.[1] This in no way satisfies the requirements of Rule 10 or of Sixth Circuit precedent, particularly the factors set forth in *Citizens*. As to the issue of Plaintiff's identity, Defendants' Motion is GRANTED.

Defendants' second ground for their Motion is that Plaintiff has not identified any parallel proceedings to which he is a party, and that such proceedings, if they exist, may raise issues of abstention and jurisdiction. The Court acknowledges Defendants' argument, but would note that, in his Response, Plaintiff has provided the case numbers of other proceedings to which he is a party. The Court DENIES AS MOOT Defendants' request and will not require that parallel proceedings be enumerated in an amendment to Plaintiff's complaint.

Finally, Defendants have moved for the disclosure of Plaintiff's employment contract and collective bargaining agreement on the basis that review of those documents will reveal whether Plaintiff has exhausted his administrative remedies and whether he has been denied his due process rights. In support of their claims, Defendants cite Rule 10(A) of the Ohio Rules of Civil Procedure, which require that when a plaintiff bases a claim upon a written agreement, he must then attach a copy of that agreement to the complaint.

The Federal Rules of Civil Procedure have no parallel requirement. As stated above, a motion for a more definite statement is not intended to serve as a substitute for the discovery process. *See Fed. Ins. Co.*, 513 F. Supp. 2d at 924. The employment contract and collective bargaining agreement may be obtained as part of initial disclosures. In this respect, Defendants' Motion is DENIED.

---

[1] Plaintiff contends in his Response that he has disclosed his identity and pertinent documents to Defendants off the record. This does not cure the defects in the Complaint.

In sum, for the foregoing reasons, Defendants' Motion is GRANTED IN PART, DENIED IN PART.  Plaintiff shall file an amended complaint within ten (10) days of this Order in which he shall provide his identity.  However, Plaintiff is not required to identify parallel proceedings or to provide the employment contract or the collective bargaining agreement.

IT IS SO ORDERED.

DATED:  January 11, 2010                    */s/ John R. Adams*_____
                                            Judge John R. Adams
                                            UNITED STATES DISTRICT COURT